Mr. Harry O. Lawson State Court Administrator Judicial Department 323 State Capitol Denver, Colorado 80203
Dear Mr. Lawson:
QUESTIONS PRESENTED AND CONCLUSIONS
You have requested my opinions on the following questions. It is considered preferable to answer them in inverse order;
1. Is it constitutionally proper, or is there any constitutional impediment, for the courts to file and record with the county clerks and ex-officio recorders of deeds, real property bonds executed pursuant to (sections 16-4-104(1)(b) (II) and 16-4-104(3), C.R.S. 1973) immediately upon such bonds being filed in the court?
 In my opinion, there is no constitutional impediment for the courts to order or ensure that a property bond be recorded as a lien against the property offered as security.
2. Are the courts required to pay the county clerks and ex-officio recorders of deeds the fees prescribed by section30-1-103, C.R.S. 1973, for filing and recording bonds secured by real estate and executed as security for bail in the courts pursuant to sections 16-4-104(1)(b) (II) and 16-4-104(3), C.R.S. 1973, and for releasing such bonds?
 In my opinion, there is no exemption to the courts from paying such recording fees. Further, I feel that the costs of recording a property bond and for releasing such bond should be borne by the person applying for the bond or the surety posting the real estate for such bond.
ANALYSIS
Regarding question #1, ordinary business prudence would appear to demand such recordation, otherwise the People's interest in such property would not be fully protected. Where the collateral security taken by a creditor requires some act such as filing or recording to insure against its impairment and assure its validity against innocent purchasers, it is the duty of the creditor to see that such act is performed. See 74 Am.Jur.2d § 93. If he neglects such duty to record or file and as a result the security is lost or impaired, the surety may be discharged to the extent of the loss. Behlen v. FirstNational Bank, 28 Colo. App. 300, 472 P.2d 703 (1970).
The court has the duty to determine the amount of bail and type of bond which it deems sufficient to assure compliance with the conditions set forth in the bail bond. C.R.S. 1973, 16-4-103. This duty would necessarily include the determination that the real estate has sufficient market value in the unencumbered and exempt portion of the property to cover the amount of the bond. See C.R.S. 1973, 16-4-104(3)(c). Implicit in the determination of market value of real property is its value in event of forfeiture. Hence, to ensure that the market value of the property securing the bond is duly protected, it ordinarily should be recorded. See 8 C.J.S., Bail § 61. In the absence of a specific statutory demand for such recording, I recommend that such recording be accomplished in appropriate cases either by order of the court, local court rule, or supreme court rule.
Regarding question #2, as opined above, the recording or filing is necessary to ensure market value in event of forfeiture. These recording costs are directly occasioned by the application for bond, and are similar to title searches, ownership and encumbrance documentation, appraisal fees, or other costs which may be necessary to establish market value.
It is recognized that Colorado Supreme Court opinion has held that municipalities and counties exist for the convenient administration of government and are instruments of the state to carry out its will. Commissioners v. Denver, 150 Colo. 198,372 P.2d 152 (1962). And further, that prior opinions of the Attorney General, have opined that counties are exempt from paying statutorily mandated docket fees to the courts when the county or other political subdivision is a party to a court action. See A.G.O. 61-3474, A.G.O. 72-4714, and A.G.O. 74-0002.
However, it must be further recognized and emphasized that the principal beneficiary of the property bond procedure is the defendant who is released, and not the court, the county, or the People, who at most are contingent beneficiaries only in the event of forfeiture. Hence, the county is not taxing the state, in violation of the spirit of article X, § 4 of the Colorado Constitution, which provision exempts from taxation the public property of the state and its political subdivisions. Further, since January 1, 1970, the State of Colorado has assumed the fiscal operation of all district and county courts, with the exception of the Denver County Court. However, the recording of deeds is not performed by a state funded entity, but rather by the county clerk or recorder, whose fees accrue to the county general fund, rather than the state general fund. Hence, the county fees collected appear proper and equitable, especially so, when it is considered that any forfeitures resulting from defendant's failure to comply with the conditions of the bond accrue to the state. See C.R.S. 1973, 16-4-109(2).
There does not appear to be any statutory provision prohibiting the court from collecting and immediately disbursing monies necessary to pay the statutorily required fee for recording a property bond and any specific and direct charges necessary to establish the market value of the property offered as security. However, no additional fee may be levied to pay for the pure administrative costs in processing the property bond application in the absence of any statutory authority therefor. See and compare Revised Municipal Code of the City and County of Denver § 152.14 (1965 Rev.) which authorizes such fee; see also C.R.S. 1973, 30-1-104(1)(u) which permits sheriffs to charge such fee.
SUMMARY
Thus, it is my opinion that the courts may require or order a property bond to be recorded with the county clerk or recorder, and that the costs of such recording should be borne by either the defendant or the surety posting the property.
Very truly yours,
 J.D. MacFARLANE Attorney General
BAIL AND RECOGNIZANCE SECURITIES PROPERTY, REAL
C.R.S. 1973, 16-4-104(1)(b) C.R.S. 1973, 16-4-104(3) C.R.S. 1973, 30-1-103
C.R.S. 1973, 16-4-109(2)
Colo. Const. art. X, § 4
JUDICIAL BRANCH Judicial Department
Holding that the courts may require or order a property bond to be recorded with the county clerk or recorder and costs of such recording should be borne by either the defendant or the surety posting the property bond.